VICTOR AND SHOWKAT HAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hay v. Commissioner
Docket No. 9030-78.
United States Tax Court
T.C. Memo 1979-334; 1979 Tax Ct. Memo LEXIS 192; 38 T.C.M. (CCH) 1289; T.C.M. (RIA) 79334; August 23, 1979, Filed *192 Petitioners had been notified in two prior decisions by this Court that the loss of anticipated earnings of their deceased daughter was not deductible. Held, that continuing to take the unauthorized deduction was an intentional disregard of the rules and regulations within the meaning of sec. 6653(a), I.R.C. 1954. Victor Hay, pro se. Carolyn M. Parr, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on May 5, 1978, issued a statutory notice in which he determined a deficiency in petitioners' income tax for their taxable year ended December 31, 1976 in the amount of $410 and an addition to tax under section 6653(a), I.R.C. 1954, in the amount of $20.50. On January 3, 1979 Special Trial Judge James M. Gussis granted respondent's *193 motion for partial summary judgment with respect to the disallowance of a deduction taken by petitioners in the amount of $8,000 for the loss of anticipated income caused by the death of their daughter in an automobile accident in 1968. With the exception of the negligence penalty, respondent has conceded the remaining issues raised in the notice of deficiency. Thus, the only issue remaining for decision is whether, under section 6653(a), I.R.C. 1954, the underpayment of petitioners' tax is due to negligence or intentional disregard of the rules and regulations. Petitioners, Victor Hay and Showkat Hay, husband and wife, resided in Silver Spring, Maryland at the time they filed their petition herein. They filed their income tax return for 1976 on March 15, 1977. There is no indication in the record where petitioners filed the return. Petitioners' only daughter, Jeanette Hay, was killed in an automobile accident in 1968. Every year since her death petitioners have deducted $8,000 (Jeanette's wages at the time of her death) from their gross income. In two prior decisions this Court ruled that petitioners were not entitled to a deduction for the loss of income resulting from *194 their daughter's death. Victor and Showkat Hay, T.C. Summary Opinion 1976-57 and T.C. Summary Opinion 1977-465. The decision in the first case became final on May 27, 1976. This was more than 10 months prior to petitioners' filing their income tax return for 1976, the year in issue. The decision in the second case became final on July 12, 1978, 18 days prior to the filing of the petition in the instant case. This Court takes judicial notice of its own procedure in mailing copies of its opinions and decisions to petitioners and finds as a fact petitioners received copies of the opinions and decisions in their prior cases. Section 6653(a) imposes a 5 percent addition to tax on an underpayment if any part of any underpayment relating to income taxes is due to negligence or intentional disregard of rules and regulations. The burden of showing that no negligence or intentional disregard of the rules and regulations occurred is on the petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners argue that, since it is their belief that the United States Government caused the death of their daughter, the rule denying a deduction for loss of anticipated earnings *195 should not apply. For petitioners to maintain this argument following our decision on the identical issue in May 1976 (and again in 1978) is an intentional disregard of the rules and regulations within the meaning of section 6653(a).
Petitioners, in their petition herein, ask this Court to award them damages of $10,550,000 based upon their claim that the United States Government is responsible for the death of their daughter. Petitioners also use this claim as a basis for deducting the loss of anticipated earnings of their deceased daughter. It is obvious from the record that petitioners were deeply affected by the death of their daughter and we extend our sympathy to them. However, petitioners must understand that they cannot use their Federal income tax returns as a means of gradually recovering a claim against the United States Government. Our jurisdiction is limited to matters of Federal taxation. Section 7442. Petitioners sincerely believe they have a valid claim against the United States Government. As a matter of law we do not understand how the United States can be held responsible for the death of petitioners' daughter in an automobile accident, but under any circumstances *196 we clearly have no jurisdiction to make any judgment on this score. Understandable as their grief is, we hope that petitioners will now accept the reality of the situation and not ask the Tax Court to do what it cannot.
Decision will be entered under Rule 155.